[No. 12921. Department One. December 15, 1915.]

VAN SCHUYVER & COMPANY, *Respondent*, v. INTERNATIONAL MERCANTILE & BOND COMPANY, OF SEATTLE, *Appellant*.[1]

APPEAL—REVIEW—AMENDMENTS—PLEADINGS. In an action brought upon contract for moneys collected by defendant for plaintiff, in which the defendant admitted the collection and made defense upon the merits, upon appeal recovery will not be denied upon the ground that plaintiff mistook its remedy and should have sued for a conversion; since the pleading will be treated as amended to conform to the proof.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 29, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Cassius E. Gates*, for appellant.

*McClure & McClure*, for respondent.

CHADWICK, J.—Respondent placed certain collections in the hands of the International Mercantile & Bond Company

[1]Reported in 153 Pac. 307.

at Portland, Oregon. These were forwarded to the appellant at Seattle, Washington, and were, by it, collected. Appellant is a corporation organized under the laws of the state of Washington.

Appellant refused to account to respondent, claiming that the accounts had been placed with the Portland concern under a written contract; that the Portland office was a branch of a company having the same name and doing business at San Francisco, and that appellant was no more than an agent for the Portland branch; that the San Francisco office had not accounted to it for certain moneys received for its account; and that it was holding the amounts collected from respondent's debtors as an offset to the sum it claimed to be due from the San Francisco office.

Respondent thereupon brought this action, drawing its complaint upon the theory that appellant was in fact a principal along with the Portland concern; in other words, that the two concerns were the same, having offices in the two cities. The collection of the money and its retention is admitted by appellant. The court granted judgment in favor of respondent for the full amount claimed.

It is contended by appellant that respondent cannot recover because its action is brought upon contract while the proof shows a conversion. Whatever the law may have been, it has long been the rule in this state, under the statute, Rem. & Bal. Code, §§ 307, 1752 (P. C. 81 §§ 303, 1255), that where a case has been submitted by the parties to a court of competent jurisdiction and the party defendant has made a defense upon the merits, or has had an opportunity to so defend, the court will not reverse the judgment rendered because the plaintiff has mistaken his remedy, but will treat the pleadings as amended to conform to the proof and affirm the judgment.

There are other reasons for the affirmance of this judgment, but the one stated is sufficient. When a liability is ad-

mitted or proved, the courts will not concern themselves or occupy their time with technical discussions as to remedies.

Affirmed.

MORRIS, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.